Filed 8/22/24  Conservatorship of M.C. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Conservatorship of the Person of M.C. | 2d Civil No. B330445 (Super. Ct. No. 56-2021-00560735-PR-CP-OXN) (Ventura County) |
| HSINHWEI JOSEPH CHOU, <br><br> Petitioner and Appellant, <br><br> v. <br><br> PUBLIC GUARDIAN OF VENTURA COUNTY, as Conservator, etc. <br><br> Objector and Respondent. | |

　　Appellant Hsinhwei Joseph Chou appeals from an order denying his petitions to remove the Ventura County Public

Guardian (Public Guardian) as conservator of his mother, M.C., and instead appoint him successor conservator.[1]  We affirm.[2]

FACTS AND PROCEDURAL HISTORY

Appellant is one of M.C.'s five children.  M.C. was diagnosed with a major neurocognitive disorder as defined in Probate Code section 2356.5, subdivision (a)(1).  In December 2021, appellant petitioned for appointment of conservator of M.C. (person only), and the trial court appointed him temporary conservator with expiration in April 2022.

The Ventura County court investigator later filed a report with the court.  The report contained details of the investigator's interviews and recommendations to the court.

In May 2022, the trial court appointed the Ventura County Public Guardian as the permanent conservator of M.C. (person only).  The court subsequently appointed the Public Guardian as conservator of M.C.'s estate.

In May 2023, appellant petitioned to remove the Public Guardian as conservator of M.C. (person only) and to appoint him as successor conservator.  Appellant alleged that M.C. was a 93-year-old woman with "minor dementia" and that the court appointed the Public Guardian as conservator "due to family tragedy" and because "her relatives abandon[ed] her."  He also

_____

[1] The public defender representing M.C. filed a joinder to the Public Guardian's respondent brief.

[2] We grant respondent's motion to augment filed May 9, 2024.  We deny appellant's motion for judicial notice filed on July 10, 2024, because we do not review documents not presented to the trial court.  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

alleged M.C.'s relatives stole and concealed her money. Appellant declared that he was a "better fit conservator" than the Public Guardian because he could provide a better level of care, and that the costs of Tarzana Health and Rehabilitation Center, where M.C. resided, was high and the quality of care was "poor."

The Ventura County court investigator filed a second report, which contained details regarding M.C.'s status, descriptions of the investigator's interviews, and recommendations to the court.

After the hearing, the trial court denied appellant's petitions and vacated the hearing on the petition for appointment of successor conservator.

## DISCUSSION

Appellant contends the trial court erred in denying the petitions to remove the Public Guardian as conservator and appoint him as successor conservator. We disagree.

"The Probate Code authorizes appointment of a 'conservator of the person' if clear and convincing evidence shows that the conservatee cannot provide properly for physical health, food, clothing or shelter needs; a 'conservator of the estate' may be appointed if the conservatee is substantially unable to manage financial resources, or resist fraud or undue influence. (§ 1801.)" (*Conservatorship of B.C.* (2016) 6 Cal.App.5th 1028, 1034.) A trial court's decision regarding appointment of a conservator is reviewed for substantial evidence. (*Conservatorship of Ramirez* (2001) 90 Cal.App.4th 390, 401.) "In making that determination, we view the entire record in the light most favorable to the trial court's findings. [Citations.] We must resolve all conflicts in the evidence and draw all reasonable inferences in favor of the findings. [Citation.]" (*Ibid.*)

3

Substantial evidence supports the trial court's orders. We reviewed the two confidential investigator's reports and conclude that the evidence therein is substantial to support the court's rulings maintaining the Public Guardian as the conservator of M.C.'s person and estate.

Furthermore, we have no reporter's transcript of the hearing on the petitions to remove the Public Guardian as conservator and appoint a successor conservator. It is appellant's burden to show error. That includes providing an adequate record from which the claimed error may be demonstrated. The failure to present such a record supports affirmance of the trial court's order. (*Maria P. v. Riles* (1987) 43 Cal.3d. 1281, 1295-1296.)

DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Hsinhwei Joseph Chou, in pro. per., for Petitioner and Appellant.

Tiffany N. North, County Counsel, Mitchell B. Davis, Assistant County Counsel, for Objector and Respondent.

Claudia Y. Bautista, Public Defender, and William Quest, Deputy Public Defender, for Conservatee.